E. ROCHEREAU & CO. v. BARK HAUSA, CAPTAIN AND OWNERS.

The captain and owners of a vessel are liable for the acts of the stevedores employed by them to load their vessels.

APPEAL from the Third District Court of New Orleans, *Duvigneaud*, J. *J. Magne*, for plaintiffs. *W. D. Hennen*, for defendant and appellant.

LAND, J. The consignors of the plaintiffs shipped from Bordeaux some sixty-eight casks of wine, on board the bark Hausa, to be delivered in good order to the consignees at the port of New Orleans. On the arrival of the vessel at the latter port, eight casks were damaged *and empty*, or *nearly so*, and the small quantity of wine remaining was sour and worthless.

For the recovery of the value of the wine lost on the voyage, and of that deteriorated at the time of delivery, this suit was instituted.

The bills of lading contained the clause, "*free from breakage and leakage,*" and it is contended that this clause limits the liability of the defendants as common carriers, and that they are not responsible, unless the plaintiffs prove that the damage or loss of wine, was the result of their fault or negligence in the transportation of the casks.

In this case, it is unnecessary to decide the question of law as to the burden of proof, for the reason, that proof has been made by the plaintiffs.

The evidence, *in this case*, shows, that according to the custom in Bordeaux, stevedores are usually selected by the captain or owners of a vessel, and that the latter are always responsible for the acts of the former in the matter of stowage.

The District Judge came to the conclusion upon the evidence before him, that the loss of wine was the result of damage done to the casks, whilst in the hands or under the control of the stevedores employed by the captain in loading the bark in the port of Bordeaux.

He says : " On the other hand, the plaintiffs have proved by several competent witnesses, among them there were coopers, that the casks were perfectly well made, of the best materials, especially those which contained the best quality of wine. That according to their long experience in shipping casks of wine, the pressure, spoken of by defendants' witnesses, could not have produced the leakage of the casks. Their opinion is, that the damage to the casks must have been done by the stevedores at the time they stowed the bark in Bordeaux, because the casks were staved, or *dépointés*, as they term it, and this could not be done but by a fall of the casks during the stowage. The court has arrived at the same opinion ; if the bark was well stowed, if the pressure of the freight could not have occasioned the leakage, whatever heavy seas the bark may have encountered during her passage, *the only cause must be ascribed to the stevedores while stowing the bark in Bordeaux.*"

That the defendants are liable for the acts of the stevedores employed by them to load their vessel, is not questioned, and we have not been satisfied that the District Judge erred upon the facts of the case.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs in both courts.